IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRISTOPHER BERNARD SIMMONS )
)
v. ) NO. 3:14-0761
)
BAC HOME LOANS SERVICING, LP et al. )

TO: Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered March 25, 2014 (Docket Entry No. 7), this pro se action was referred to the Magistrate Judge to oversee service of process, to enter a scheduling order, to dispose or recommend disposition of any pre-trial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Motion to Dismiss (Docket Entry No. 12) filed by Defendant Bank of America, N.A.,[1] to which the plaintiff filed a response in opposition. See Docket Entry Nos. 28-29.[2]

---

[1] Although BAC Home Loans Servicing, LP, is named as a defendant to the action, Bank of America, N.A. ("BANA"), states in its motion that it is the successor by merger with BAC Home Loans Servicing and is the correct defendant.

[2] In addition to his response in opposition, the plaintiff filed a Motion to Intervene as an injured third party (Docket Entry No. 27) and Motion to Strike (Docket Entry No. 28), as well as a filing styled as "third party intervener's conditional acceptance to motion to dismiss upon valid proof of superior claim pursuant to 12 U.S.C. 95a" (Docket Entry No. 30) and three notices and exhibits (Docket Entry Nos. 31-33).

# I. BACKGROUND

The plaintiff filed this pro se action on March 14, 2014, against BANA and Nationwide Trustee Services, Inc. ("Nationwide") seeking to set aside a trustee's sale based on the theory of wrongful foreclosure.[3] He also seeks damages based on alleged violations of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-101 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as well as declaratory relief. Although the plaintiff did not specifically assert the basis for jurisdiction, there is federal question jurisdiction under 28 U.S.C. § 1331.

The complaint centers around a piece of real property located at 3037 Barnes Bend Drive, Nashville, Tennessee ("the Property") to which the plaintiff asserts he is the "true owner . . . and hold[er] of superior title." See Complaint (Docket Entry No. 1), at 4. On June 29, 2006, the plaintiff and his wife, Lakisha Simmons, executed a Promissory Note in favor of Countrywide Home Loans, Inc. ("Countrywide"), the original lender, in the amount of $201,980.00. See Docket Entry No. 5-1 and Docket Entry No. 12-1. The Promissory Note was secured by a Deed of Trust to the Property, and Mortgage Electronic Registration Systems Inc. ("MERS') was made the beneficiary of the Deed of Trust as the nominee of Countrywide, see Docket Entry No. 5-3 and Docket Entry No. 12-2, although the plaintiff disputes the validity and authenticity of the Deed of Trust. Foreclosure proceedings were initiated at some point and the Property was subject to a trustee sale on March 17, 2011. However, the plaintiff alleges that he is in possession of the Property. See Complaint, at 4. Although the plaintiff does not provide a clear explanation, at some point BANA became the creditor

---

[3] In the style of the plaintiff's "Petition," he adds "e.t.a.l." after each of the two defendants, and lists John Doe 1 through 10. However, in the body of the Complaint, he does not identify or describe any defendant other than BANA and Nationwide.

on the note and Nationwide appears to have been retained by BANA to collect on the Promissory Note and/or institute foreclosure proceedings. See Docket Entry No. 5-4.

The plaintiff disputes that he owed any debt to BANA and disputes that BANA has any legal right to the Property. He alleges a variety of shortcomings in the recording and assignment process and in the foreclosure proceedings that he contends render the foreclosure unlawful and the Defendants' actions fraudulent and creates a cloud on his title to the Property. He further contends that events occurred between 2010 and 2012 that constitute violations of the TCPA and FDCPA for which BANA and Nationwide should be liable.

In lieu of an answer, the Defendant BANA has filed the pending motion to dismiss in which it contends that the instant action is the fifth lawsuit filed by the plaintiff or his wife regarding the mortgage loan at issue and the foreclosure on the Property. Defendant BANA argues that the previous lawsuits all involved claims and causes of action that all relate to the mortgage loan and the foreclosure and that sought either to stop or set aside the foreclosure or damages. Defendant BANA asserts that the prior suits have all been dismissed with prejudice and the instant lawsuit is barred by principles of res judicata. Additionally, Defendant BANA contends that both the TCPA and the FDCPA claims are barred by the applicable statute of limitations and that the TCPA claims are barred by the applicable statute of repose. Finally, Defendant BANA contends that the plaintiff's allegations do not support claims under either the TCPA or the FDCPA. See Motion to Dismiss (Docket Entry No. 12).

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12 of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty, 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not reflect a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff

armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSION

The grounds raised by Defendant BANA for dismissal of the claims brought by the plaintiff have merit. The Court has reviewed the plaintiff's arguments against dismissal and finds them unpersuasive. Accordingly, the Motion to Dismiss should be granted and all claims against Defendant BANA should be dismissed

Both the TCPA claims and the FDCPA claims are barred by the applicable one year statute of limitations provided by those statutes. See Tenn. Code Ann. § 47-18-110 and 15 U.S.C. § 1692k(d). Thus, the plaintiff's claims under the TCPA and FDCPA must have accrued or occurred within one year of the March 14, 2014, filing date of the Complaint. However, the events alleged in the Complaint upon which these claims are based all took place between 2010 and 2012. As such, the claims are untimely and are subject to dismissal for that reason alone.

The plaintiff apparently foresaw the statute of limitations issue when he filed this lawsuit. He asserts in the Complaint that the three year statute of limitations set out at Tenn. Code Ann. § 28-3-105 should apply because his claims involve real property that was subject to a foreclosure sale on March 17, 2011, an act that occurred within three years of the filing of the Complaint. See Complaint, at 18-19 and 21. This argument has no legal merit with respect to the TCPA claims. See Mackey v. Judy's Foods, Inc., 867 F.2d 325, 329 (6th Cir. 1989) (a claim under the TCPA is governed by the Act's one-year statute of limitations); Coleman v. Indymac Venture, LLC, 966 F.

Supp. 2d 759, 773 (W.D. Tenn. 2013) (TCPA claims based on alleged wrongful foreclosure proceedings are governed by the one year statute of limitations set out in Tenn. Code Ann. § 47-18-110); Liggett v. Brentwood Builders, LLC, 2008 WL 836115, *4 (Tenn. Ct. App. Mar. 27, 2008) (claim for violations of the Consumer Protection Act is governed by the special one-year statute of limitations set forth at Tenn. Code Ann. § 47-18-110 even though real property was involved).

The plaintiff's argument is likewise without merit with respect to the FDCPA claims. Clearly, when a federal statute creates a private cause of action and that statute also specifically sets forth a statute of limitations for such claims, that statute of limitations applies to any claims brought under the statute. See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 359, 111 S. Ct. 2773, 115 L. Ed. 2d 321 (1991) ("When the statute of origin contains comparable express remedial provisions, the inquiry usually should be at an end."); Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles Cnty., Inc., 977 F.2d 1224, 1227 (8th Cir. 1992) (state tolling and savings provisions do not apply when Congress has provided a federal statute of limitations for a federal claim); Crooker v. Wachovia Bank, N.A., 2008 WL 2066943, *2 n.4. (D. Mass. May 14, 2008) ("Nor as a matter of sovereignty can a state statute of limitations trump a more restrictive limitations period set out in a federal statute creating a federal cause of action."). See also Whittiker v. Deutsche Bank Nat'l Trust Co., 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009) (applying FDCPA's one year statute of limitations to claims based upon misrepresentations made during foreclosure proceedings).

The plaintiff also raises the issue of equitable estoppel with respect to the FDCPA claim. He contends that Defendant BANA has refused to respond to his communications and his requests

that it provide information to him and has, thus, engaged in some type of concealment that warrants equitable estoppel. See Memorandum in Support of Response (Docket Entry No. 29), at 6-9. This attempt to evade application of the one year state of limitations lacks merit.

Equitable tolling permits the Court to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. See Jackson v. United States, 751 F.3d 712, 718 (6th Cir. 2014). The Sixth Circuit generally looks to five factors when determining whether equitable tolling should apply: 1) lack of notice of the filing requirement, 2) lack of constructive knowledge of the filing requirements; 3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) plaintiff's reasonableness in remaining ignorant of the particular legal requirement. Chavez v. Caranza, 559 F.3d 486, 293 (6th Cir. 2009). Additionally, when a plaintiff seeks equitable tolling under the doctrine of fraudulent concealment, the plaintiff must allege and establish that (1) the defendant concealed the conduct that constitutes the cause of action; (2) the defendant's concealment prevented the plaintiff from discovering the cause of action within the limitations period; and (3) "until discovery plaintiff exercised due diligence in trying to find out about the cause of action." Pinney Dock & Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1465 (6th Cir. 1988), citing Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 394 (6th Cir. 1975).

The plaintiff's burden of persuading the Court that he is entitled to equitable tolling is a heavy burden that is satisfied only in rare cases, see Souter v. Jones, 395 F.3d 557, 590 (6th Cir. 2005), and the Sixth Circuit has held that federal courts should "sparingly bestow" equitable tolling. See Graham–Humphreys v. Memphis Brooks Museum of Art, 209 F.3d 552, 560 (6th Cir. 2000). Fundamentally, the key issues in determining the applicability of equitable tolling are the plaintiff's

diligence and the plaintiff's demonstration "that some extraordinary circumstances stood in his way." Credit Suisse Sec. (USA) LLC v. Simmonds, __ U.S. __, 132 S.Ct. 1414, 1419, 182 L.Ed.2d 446 (2012). The plaintiff has not met his burden of showing that the Court should apply equitable tolling. Nothing stood in the way of the plaintiff filing his FDCPA claims within the statute of limitations, and he has utterly failed to offer any persuasive support for his theory of fraudulent concealment by Defendant BANA. This case is not a "rare" or "compelling" case of "extraordinary circumstance" that warrants ignoring the statute of limitations.[4]

Furthermore, the plaintiff's TCPA claims are subject to dismissal to the extent that any such claims are based upon the foreclosure proceedings about which the plaintiff complains. In Pursell v. First Am. Nat'l Bank, 937 S.W.2d 838, 841–42 (Tenn.1996), the Tennessee Supreme Court held that repossession of collateral securing a defaulted loan is not actionable under the TCPA. Following Pursell, Tennessee courts, both state and federal, have held that the TCPA does not apply to allegedly deceptive conduct in foreclosure proceedings. See Jestes v. Saxon Mortg. Servs., Inc., 2014 WL 1847806, *12 (M.D. Tenn. May 8, 2014) (Sharp, J.) (collecting cases).[5]

Finally, and most conclusively, the plaintiff's entire action is barred by principles of res judicata. The judicial doctrine of res judicata bars a party from relitigating issues that were or could

---

[4] Although the plaintiff raises equitable tolling only in the stance of the FDCPA claims, the same considerations that weigh against the applicability of equitable tolling based on fraudulent concealment would apply equally to the claims brought under the TCPA. See Simms v. CIT Grp./Consumer Fin., 2009 WL 973011, *8-9 (W.D. Tenn. Apr. 9, 2009).

[5] The plaintiff appears to argue that his TCPA claims should be considered based on factual allegations that are not actually alleged in his Complaint but which may be forthcoming in a proposed amended complaint. See Docket Entry No. 29, at 9. However, the Court shall consider only those claims actually contained in the Complaint and not putative claims that are not a part of this lawsuit. See Orea Energy Group, LLC v. East Tenn. Consultants, Inc., 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009).

8

have been raised in a prior action. See Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Four elements must be present for the doctrine of res judicata to bar a subsequent lawsuit: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. Sanders Confectionary Prods. v. Heller Fin, Inc., 973 F.2d 474, 484 (6th Cir. 1992).

The Court takes judicial notice that the plaintiff and his wife have, either jointly or separately, filed no less than four prior federal lawsuits concerning the Property and the activities taken by the entities related to Promissory Note and Deed of Trust, the entities involved in seeking to enforce the promissory note, or the entities involved in the foreclosure proceedings. See Simmons, et al. v. Countrywide Home Loans, No. 3:09-cv-0621 (M.D. Tenn. 2009) ("Simmons I"); Simmons, et al, v. Countrywide Home Loans, No. 3:09-cv-0766 (M.D. Tenn. 2009) ("Simmons II"); Lakisha Simmons v. Countrywide Home Loans, No. 3:11-cv-0476 (M.D. Tenn. 2011) ("Simmons III"); Christopher Bernanrd Simmons v. Federal Nat'l Mortg. Ass'n, No. 3:13-cv-0142 (M.D. Tenn. 2013) ("Simmons IV"). Each of these lawsuits was dismissed on the merits, and BANA was a named defendant in the first three lawsuits. Furthermore, Simmons III and Simmons IV were themselves dismissed on the basis of res judicata, see Simmons v. Countrywide Home Loans, 2012 WL 859591 (M.D. Tenn. Mar. 13, 2012) (Campbell, J.) (adopting report and recommendation at Simmons v. Countrywide Home Loans, 2012 WL 259867 (M.D. Tenn. Jan. 27, 2012); and Simmons v. Federal Nat'l Mortg. Ass'n, 2013 WL 1899793 (M.D. Tenn. May 7, 2013) (Haynes, J.), and the dismissals were upheld on appeal by the Sixth Circuit Court of Appeals. See Simmons III, at Docket Entry No. 135, and Simmons IV, at Docket Entry No. 44.

9

The plaintiff simply cannot escape the preclusive effect of the dismissals of his prior lawsuits. Merely asserting causes of action that are based on new theories or statutes but which are based on the same underlying nucleus of facts at issue in the prior lawsuits and which are brought against the same defendants or their privies named in the prior lawsuits does not suffice to negate res judicata. The claims the plaintiff seeks to prosecute in the instant lawsuit are all claims that could have, and should have, been raised in the prior federal actions and, thus, they cannot be pursued in the instant lawsuit. His various arguments for why res judicata should not apply are unpersuasive and have, to some extent, themselves already been heard and rejected by the Court in one of the prior lawsuits. See Simmons IV, at Docket Entry No. 20, at 5. The doctrine of res judicata is meant to preclude exactly the type of lawsuit filed by the plaintiff in the instant action.

It is the Court's view that dismissal of this action in its entirety is warranted based on res judicata. However, the Court notes that, on July 16, 2014, Nationwide filed a "Notice of Suggestion Bankruptcy" (Docket Entry No. 37) stating that it, along with other debtors and debtors-in-possession, had filed a Petition under Chapter 11 of the Bankruptcy Code on June 25, 2013, in the United States Bankruptcy Court for the District of Delaware, that a Plan of Liquidation was filed on November 13, 2013, that the Bankruptcy Court confirmed the Plan on December 19, 2013, effective December 27, 2013, and that the plaintiff is enjoined from pursuing the claims against Defendant Nationwide by virtue of the Bankruptcy Plan. While Defendant Nationwide asserts that no action may be taken against it without obtaining relief from the Bankruptcy Court, the Court finds that dismissal of the claims against Nationwide will not contravene any order of the Bankruptcy Court.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the Motion to Dismiss (Docket Entry No. 12) filed by Bank of America, N.A., successor to BAC Home Loan Servicing L.P., be GRANTED and that this Defendant be DISMISSED WITH PREJUDICE.; and

2) this action be DISMISSED WITH PREJUDICE in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge