# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER BERNARD SIMMONS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 3:14-00761** |
| | ) | **Judge Sharp** |
| **BAC HOME LOANS SERVICING, LP** | ) | |
| **et al. and NATIONWIDE TRUSTEE** | ) | |
| **SERVICES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff "Simmons, Christopher Bernard, a living man by Special Appearance, an injured party and by restricted appearance" has filed a Motion for Judicial Review (Docket No. 42) of Magistrate Judge Griffin's Report and Recommendation ("R & R") (Docket No. 38). The R & R recommends that this action be dismissed because Plaintiff's claims are barred by the one-year statute of limitations found in both the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-110, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d). It also recommends dismissal because Plaintiff's claims are barred by the doctrine of *res judicata* inasmuch as "plaintiff and his wife have, either jointly or separately, filed no less than four prior federal lawsuits concerning the Property" located at 3037 Barnes Bend Drive, Nashville, Tennessee. (Docket No. 38 at 9).

The referenced cases are: Simmons, et al. v. Countrywide Home Loans, No. 3:09-0621 (M.D. Tenn. 2009) ("Simmons I"); Simmons, et al. v. Countrywide Home Loans, No. 3:09-0766 (M.D. Tenn. 2009) ("Simmons II"); Lakisha Simmons v. Countrywide Home Loans, No. 3:11-0476

1

(M.D. Tenn. 2011) ("Simmons III") and Christopher Barnard Simmons v. Federal Nat'l Mortg. Ass'n, No. 3:13-0142 (M.D. Tenn. 2013). All involved activities taken in relation to the Promissory Note and Deed of Trust on the property, enforcement of the Note, or foreclosure proceedings, and all were dismissed, the last two on the basis of *res judicata*.

In his Motion for Review, which the Court construes as objections, Plaintiff first asserts that his "Administrative FILE # CS-01072012-NTS" is "ripe for Judicial Review . . . pursuant to Local Rule 16.01(b)(2)d." (Docket No. 42 at 2). Local Rule 16.01 is not a jurisdictional statute. It is merely a local rule exempting from customized case management "administrative decisions of government agencies or instrumentalities where the review is conducted on the administrative record." Leaving aside that customized case management is simply a method of ensuring that cases are managed effectively, Plaintiff's own "administrative file" is not a decision of a governmental agency.

In his supporting Memorandum, Plaintiff also cites the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* as a basis for review of the "administrative record," but that statute deals with agencies of the United States, not financial mortgage lenders or servicers, and certainly not "administrative records" compiled by an individual. See Hennington v. Bank of America, 2010 WL 5860296, at *10 (N.D. Ga. Dec. 21, 2010) ("Defendant, a financial institution, is not a federal government agency. Therefore, Plaintiff cannot state a FOIA claim against Defendants as a matter of law."). He also cites 5 U.S.C. § 706 which provides for review of agency actions but, again, "'agency' means each authority of the Government of the United States[.]" 5 U.S.C. § 701(b)(1). Finally, Plaintiff cites "28 U.S.C. § 1333 and/or 28 U.S.C. § 1337" as a basis for review, but the former deals with admiralty, maritime and prizes cases, the latter deals with statutes regulating commerce or trade, and

neither are remotely applicable to what Plaintiff himself characterizes as "his private administrate remedies contract file[.]" (Docket No. 43 at 6).

Turning to the merits of the R & R, Plaintiff argues that his claims are not time-barred because his Complaint also references Tenn. Code Ann. § 28-3-105, which provides a three year statute of limitations "for injuries to personal or real property." Magistrate Judge Griffin recognized as much but properly ruled that, given the gravaman of Plaintiff's Complaint, the applicable statutes of limitations were those found in the FDCPA and the TCPA, and Plaintiff cannot attempt to characterize his claim as being a property tort claim in order to avoid the one-year limitations found in those statutes.

Regardless, Magistrate Judge Griffin also ruled that Plaintiff's claims, no matter how couched, were barred by the doctrine of *res judicata*. Plaintiff argues this was error because none of the previous actions asserted a claim for wrongful foreclosure. Plaintiff's argument is beside the point. Under both federal and state law, *res judicata* applies to claims that could have or should have been brought in a prior proceeding. See Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 528 (6th Cir. 2006) (citation omitted) (under "federal res judicata principles," a "'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action"); Jackson v. Smith, 387 S.W.3d 486, 491 (Tenn. 2012) (under Tennessee law, "[t]he doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit").

In the Complaint in this Court, Plaintiff claims that the allegedly wrongful foreclosure sale occurred on March 17, 2011. This date is long before Simmons III was concluded on March 13,

3

2012, and long before Simmons IV was even filed on February 14, 2013.  His wrongful foreclosure claim is barred because it could have and should have been raised earlier.

Having considered the matter *de novo* as required by Rule 72 of the Federal Rules of Civil Procedure, the Court hereby rules as follows:

(1) The R & R (Docket No. 38) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's Motion for Judicial Review (Docket No. 42), construed as objections to the R & R, are hereby OVERRULED;

(3) Defendant's Motion to Dismiss (Docket No. 12) is hereby GRANTED; and

(4) This action is hereby DISMISSED WITH PREJUDICE.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE